**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| REX S. GUNTHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:20-cv-00952-ACL |
| | ) |
| ST. LOUIS PSYCHIATRIC | ) |
| REHABILITATION CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of a civil case filed by self-represented plaintiff Rex S. Gunther that has been construed as an action pursuant to 42 U.S.C. § 1983. The case is subject to dismissal because plaintiff has not paid the filing fee or filed a motion for leave to proceed in forma pauperis, and because the complaint is not on a Court form. As discussed below, plaintiff will be given thirty days in which to cure these defects.

### Filing Fee or Motion to Proceed in Forma Pauperis

The filing fee for a civil case is $400.00. Pursuant to 28 U.S.C. § 1915, the Court may authorize the commencement of a civil action without prepayment of fees upon the filing of "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). Plaintiff, however, has neither filed a motion for leave to proceed without paying the filing fee, or paid the fee itself. As such, this action is subject to dismissal. The Court will direct the Clerk of Court to send to plaintiff a copy of the Court's motion for leave to proceed in forma pauperis form. Plaintiff will be given thirty days to submit the motion, or pay the entire filing fee. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

**Order to Amend**

Plaintiff's complaint is subject to dismissal because it is not on a Court form and because it does not contain a short and plain statement of the claim showing that he is entitled to relief. *See* E.D. Mo. L.R. 2.06(A); and Fed. R. Civ. P. 8(a)(2). Because plaintiff is a self-represented litigant, he will be given an opportunity to file an amended complaint according to the instructions set forth below.

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the $400 filing fee or submit a motion to proceed in forma pauperis within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to either pay the filing fee or submit a motion for leave to proceed in forma pauperis, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint within **thirty (30) days**, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this  27th day of July, 2020.

*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE